# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS FULTON, individually and on behalf of similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  4:16-cv-313-RWS |
| COMMUNICATIONS UNLIMITED, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## JOINT PROPOSED SCHEDULING PLAN

Pursuant to Order of this Court, the parties have conferred with the purpose of formulating a joint proposed scheduling plan and submit the following:

a. The parties propose that Track 3 is appropriate because this matter is a complex class action should proceed, the parties respectfully suggest, with discovery in two phases;

b. All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **November 1, 2016**.

c. Discovery plan for pre-class certification discovery:

   i. The parties have agreed upon provisions for disclosure or discovery of electronically stored information as follows: Parties will exchange discovery pursuant to the F.R.C.P. and have agreed to work together to resolve discovery disputes as they arise, involving the Court only when necessary.

    ii. The parties have come to an agreement as to asserting claims of privilege or of protection as trial-preparation material after production as follows: None, other than compliance with the F.R.C.P and local rules.

    iii. The parties shall provide disclosures pursuant to Fed.R.Civ.P. 26(a)(1) on or before **November 1, 2016**.

    iv. The parties respectfully suggest that discovery should be done in two phases to promote judicial economy and reduce the parties' litigation costs *vis a vis* expert witnesses, class-wide notice, etc.  Phase One discovery will include only discovery related to issues of class certification.  In the event that the Court certifies a class the parties will engage in Phase Two discovery on the class-wide claim. In the event that the Court certifies the class the parties will submit a proposed discovery scheduling order to govern Phase Two discovery.

    v. The presumptive limits of ten (10) depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a) shall apply to class certification discovery.

    vi. Pre-class certification discovery shall be completed by **May 1, 2017**.

    vii. Plaintiff shall move for class certification no later than **June 1, 2017**.

    viii. Defendants shall respond to plaintiff's motion for class certification no later than **June 30, 2017**, and plaintiff shall reply no later than **July 15, 2017**.

d. This matter may be appropriate for mediation after the parties have exchanged Rule 26 initial disclosures and deposed several key witnesses; this matter may be referred to mediation at any time between **March 1, 2017 and April 15, 2017**.

  e. No additional matters are deemed appropriate for inclusion in this Joint Scheduling Plan.

DATED: September 16, 2016


*/s/ Lee W. Barron*
Attorney for Plaintiff


*/s/ Fredrick J. Ludwig  (with consent)*
Attorney for Defendant Communications Unlimited Alabama, Inc.


*/s/ Steven H. Schwartz (with consent)*
Steven Schwartz, Attorney for Defendants
C.U. Employment, Inc. and
Communications Unlimited Contracting Services, Inc.