UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS FULTON, individually and on Behalf of similarly situated persons, ) ) ) Plaintiff, ) ) v. ) ) COMMUNICATIONS UNLIMITED, INC., ) C.U. EMPLOYMENT, INC., ) COMMUNICATIONS UNLIMITED OF THE ) SOUTH, INC., COMMUNICATIONS ) UNLIMITED CONTRACTING SERVICES, ) INC., COMMUNICATIONS UNLIMITED ) MARKETING SERVICES, INC., ) BROADBAND INFRASTRUCTURE & ) CONNECTION, LLC, COMMUNICATIONS ) UNLIMITED ALABAMA,   INC., a/k/a ) COMMUNICATIONS UNLIMITED, AL, ) INC., and MARTIN C. ROCHA ) ) Defendants. ) | Case No.:  4:16-cv-313 RWS |

**DEFENDANT CUI'S RESPONSE TO
THE AUGUST 2, 2017 ORDER [DOC. 71]**

Come Now Defendants, C.U. Employment, Inc. and Communications Unlimited Contracting Services, Inc. (collectively "CUI"), and, pursuant to this Court's August 2, 2017 Order [Doc. 71], which, in pertinent part, seeks further clarification on the disposition of the opt-in FLSA Plaintiffs' claims, submit the following Response:

**I.     Introduction**

When there has been no collective action certification, conditional or otherwise, what happens to the "opt-in plaintiffs" claims after the "named plaintiff" is dismissed from the lawsuit?

To answer this question, the following issue must necessarily be addressed: Are "opt-in plaintiffs"[1] parties to an action if the Court did <u>not</u> make a determination on whether they are "similarly situated" employees?

As this Court aptly notes, if there was never certification, then there is nothing to decertify. [Doc. 71, p. 6]. Prior to certification, a collective action does not acquire an independent legal status. *See Genesis Healthcare Corp v. Symczyk,* 569 U.S. 66 (2013). Therefore, the opt-in plaintiffs are simply a collection of individuals who have requested, but not received, Court authorization to join a lawsuit. Because the Court never ruled on whether they are "similarly situated" and could join the class, the opt-in plaintiffs are <u>not</u> parties to the action.

Under normal circumstances, after conditional certification, notices are sent out and potential collective action members are allowed to opt-in. If the named plaintiff fails to prove the opt-ins' "similarly situated" status, the collective action is decertified and the opt-ins have no claims in the action. The individuals who have opted-in in this case cannot have any greater rights than people who opted-in to a class that was later decertified. Therefore, the opt-in individuals in the instant matter and/or their "consents to join" should be dismissed.

## II. The Two-Step Certification Process

FLSA lawsuits are generally subject to a two-step certification process. This approach has been recognized by the Supreme Court and is widely accepted in most jurisdictions. *See Hoffmann-LaRouche Inc. v. Sperling*, 493 U.S. 165 (1989).

The first step, referred to as "conditional certification," requires a named plaintiff to demonstrate that "putative class members were together victims of a single decision, policy or

---

[1] "Opt in plaintiff(s)" is the nomenclature commonly used to describe all individuals who have consented to join the collective action. By using this phrase, CUI does not admit that the opt-individuals are considered parties to the action.

plan." *Littlefield v. Dealer Warranty Services, LLC*, 679 F.Supp.2d 1014, 1018 (E.D.Mo. 2010). The sole consequence of conditional certification is the dissemination of court-approved notice to potential collective action members. *See Genesis Healthcare Corp*, 569 U.S. 66, 133 S.Ct. at 1530. "Conditional certification, therefore, is not a true certification, but rather an exercise of a district Court's discretionary authority to oversee and facilitate the notice process." *Halle*, 842 F.3d at 224. Conditional Certification is <u>not</u> tantamount to class certification under Rule 23. *See Genesis 133 S.Ct. at 1532.*

After conditional certification has been granted, individuals file notices providing their written consent to participate in the collective action pursuant to § 216(b). The notices generally indicate that the opt-in plaintiffs consent to having the named plaintiff litigate, on their behalf, the FLSA claims. Once opt-in consents have been filed, discovery typically moves forward to assess whether the opt-ins are "similarly situated" to the named plaintiff. *Halle*, 842 F.3d at 226. After sufficient discovery has been completed, the parties will file motions relating to class certification.

The second step, often referred to as "final certification," places the burden of proof on the named plaintiff to demonstrate that the "opt-in" plaintiffs are "similarly situated" for FLSA purposes. *White v. 14051 Manchester Inc.,* 301 F.R.D. 368 (E.D.Mo. 2014). A collective action needs to be certified before it can proceed to trial. *Id. at 226.* Where opt-in plaintiffs are not "similarly situated," the court must decertify the class and dismiss the individuals without prejudice.

**III.     Prior to Certification, opt-in plaintiffs are not parties to the action.**

Under the FLSA, there is a fundamental difference between named plaintiffs and opt-in plaintiffs. "Unlike the 'named plaintiffs,' who commence their action by formally filing a complaint, 'opt-in' plaintiffs are not named in the complaint. Instead, 'opt-in' plaintiffs seek to

join the action as parties by filing consent-to-join forms after the complaint is filed." *Rosario v. First Student Management*, *LLC,* 2017 WL 1092333 (E.D. Penn. Mar. 23, 2017).

Prior to certification, collective actions do not have an independent legal status. *See Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66 (2013). "If the court determines that the opt-in plaintiffs are similarly situated to the named plaintiffs [and certifies the class], at that point, the opt-in plaintiffs become actual parties to the action[,]" and the collective action acquires independent legal status. *Rosario v. First Student Management*, *LLC,* 2017 WL 1092333 (E.D. Penn. Mar. 23, 2017). Without certification, the opt-in plaintiffs are simply individuals seeking to join an action.

This interpretation is consistent with the statutory language. Notably, "§ 216(b) is written in the negative." *Halle v. West Penn Allegheny Health System Inc., et al.*, 842 F.3d 215, n. 10 (3rd Cir. 2016). While it establishes the requirement that written consent must be filed to become a "party-plaintiff," it is "silent as to whether filing such a consent, without more, is sufficient to confer that status." *Halle v. West Penn Allegheny Health System Inc., et al.*, 842 F.3d 215, n. 10 (3rd Cir. 2016). Hypothetically, if each opt-in plaintiff acquired party status after filing the consent to join, courts would be unable to decertify classes as a whole because each opt-in plaintiff would be a party entitled to an individual determination. This also would run afoul of the general principal that collective actions do not acquire independent legal status prior to certification. *See Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66 (2013). If all opt-in plaintiffs immediately acquired party-status, then the collective action (which is all opt-in plaintiffs in the aggregate) would, in practice, have a legal status before certification. And, as a practical matter, opt-in plaintiffs who were never conditionally certified cannot have superior rights to those who achieved conditional certification but were ultimately decertified.

4

Here, neither conditional certification nor final certification occurred, and Defendants never had the opportunity to move to decertify the class. As a result, the opt-in individuals were never parties to the suit. Since they are not parties, they do not have any claims pending before this Court. To fully resolve this case, the opt-in individuals and/or their consent to join forms should be dismissed.

**IV.    Conclusion**

Since neither conditional nor final certification occurred in this lawsuit, the opt-in individuals are not parties to the action. The matter can be resolved by dismissing the opt-in individuals and/or their consent to join forms.

WHEREFORE, Defendants C.U. Employment, Inc. and Communications Unlimited Contracting Services, Inc. respectfully request this Court to dismiss each opt-in individual and/or their Consent to Join forms and for such further relief that is just and proper.

BROWN & JAMES, P.C.

/s/ Steven H. Schwartz
Steven H. Schwartz,    #36436
sschwartz@bjpc.com
800 Market Street, 11th floor
St. Louis, Missouri 63101
314.421.3400
Fax: 314.421.3128

**Attorneys for Defendants
C.U. Employment, Inc., and
Communications Unlimited
Contracting Services, Inc.**

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Steven H. Schwartz

SHS:mkw/13815861