UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS FULTON, individually and on Behalf of similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 4:16-cv-313 RWS |
| COMMUNICATIONS UNLIMITED, INC., C.U. EMPLOYMENT, INC., COMMUNICATIONS UNLIMITED OF THE SOUTH, INC., COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC., COMMUNICATIONS UNLIMITED MARKETING SERVICES, INC., BROADBAND INFRASTRUCTURE & CONNECTION, LLC, COMMUNICATIONS UNLIMITED ALABAMA,  INC., a/k/a COMMUNICATIONS UNLIMITED, AL, INC., and MARTIN C. ROCHA | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CUI'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Come Now Defendants, C.U. Employment, Inc., and Communications Unlimited Contracting Services, Inc., and hereby file their Memorandum in Opposition to Plaintiff's Motion to Amend Complaint.

Plaintiff, Marcus Fulton ("Fulton"), has filed a Motion for Leave to file an Amended Complaint to add additional unspecified claims. Fulton did not submit a proposed amended complaint. He merely stated that he wants to assert some additional unspecified FLSA and MMWL violations. Fulton claims that he learned new facts from discovery that occurred prior to the unsuccessful mediation that occurred on February 28, 2017. Fulton did not specify what discovery he saw to determine that additional claims are warranted but the only discovery that has

occurred in this case was written discovery that was provided to Fulton last fall.  There have been no depositions and only a very limited document disclosure by one of the co-defendants.  Fulton has disclosed no documents.

Fulton's motion for leave to amend should be denied because he has not met the requirements of Rule 15(a) or Rule 16, which is the appropriate standard in this case.

Fed.R.Civ.P. 15(a) provides a liberal standard for allowing amendment of pleadings, but that standard does not apply because Fulton's motion was filed nine months after the deadline set by this Court's Rule 16 Scheduling Order.  The Court's Rule 16 Order required amendment of pleadings to be filed no later than November 18, 2016.[1]  (Doc. No. 53).  Fed.R.Civ.P. 16 requires Fulton to show that good cause exists for leave to be granted to amend its pleading after the deadlines established in this Court's Scheduling Order.  Fed. R. Civ. P. 16(b).

**A. Rule 16(b)'s "Good Cause" Standard Controls Fulton's Request for Leave to Amend, Not the More Liberal Rule 15(a) Standard.**

The Eighth Circuit has described Rule 16 as "a vehicle designed to streamline the flow of litigation through our crowded dockets," and further explained that the Eighth Circuit "do[es] not take case management orders lightly, and will enforce them." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (affirming a decision of the Eastern District of Missouri that plaintiff failed to act diligently). When determining whether a party has met the Rule 16 standard, "[t]he primary measure of good cause is the movant's *diligence* in attempting to meet the order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 -717 (8th Cir. 2008) (citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006); see also, FED.R.CIV.P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule *on a showing of good*

---

[1] The Rule 16 Order was issued on September 23, 2016.  (Doc. No. 53).  **Fulton's current attorney of record**, Lee Barron, agreed to a joint proposed scheduling plan setting the deadline for amending pleadings by November 1, 2016, earlier than the Court's ordered deadline.  (Doc. No. 51).

2

*cause* if it cannot reasonably be met despite the *diligence* of the party seeking the extension."). Thus, to satisfy the good cause standard of Rule 16(b), the moving party must show diligence in trying to meet the deadline in the pretrial scheduling order.  Sherman, 532 F.3d at 717.

The Eighth Circuit has held that, in situations such as this case, Rule 16(b), not Rule 15(a), controls the motion for leave to amend.  The Eighth Circuit held:

> Plaintiffs argue the district court abused its discretion by requiring them to satisfy the good cause requirement of Rule 16(b) instead of considering their motion under the liberal amendment standards of Rule 15(a).  We disagree. . . . "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."

In re Milk Products Litigation, 195 F.3d 430, 437 (8th Cir. 1999), cert. denied, 520 U.S. 1038 (2000) (citing Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir.1998)).

### B.  Fulton Has Not Met the Requirements of Rule 16(b).

Fulton has not even asserted that he acted with diligence to meet the Rule 16 deadline.  He has not explained why he could not have moved to amend before the deadline.  The only reason he has given for moving to amend is that he has seen some unspecified discovery at some unspecified time that leads him to believe that he can make some unspecified additional claims.  As discussed above, there have been no depositions in this case.  The only written discovery was produced last fall, before the Court ordered deadline for amending pleadings.  Fulton has not tried to explain why he could not have moved to amend in accordance with the Court's deadline.

This Court has already dismissed the class claims because of Fulton's failure to comply with the Court's Rule 16 deadlines.  His late request to amend nine months after the deadline for amending pleadings is just another example of Fulton's failure to comply with this Court's deadlines.

For the foregoing reasons, Fulton's Motion to Amend should be denied.

                                        BROWN & JAMES, P.C.

                                        /s/ Steven H. Schwartz
                                        Steven H. Schwartz,    #36436
                                        sschwartz@bjpc.com
                                        800 Market Street, 11th floor
                                        St. Louis, Missouri 63101
                                        314.421.3400
                                        Fax: 314.421.3128

                                        **Attorneys for Defendants**
                                        **C.U. Employment, Inc., and**
                                        **Communications Unlimited**
                                        **Contracting Services, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                        /s/ Steven H. Schwartz